UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TERRENCE ANTHONY,

                              Plaintiff,

            v.                                                    9:18-CV-0849
                                                                  (GLS/CFH)

THE STATE OF NEW YORK et al.,

                              Defendants.
_____

APPEARANCES:

TERRENCE ANTHONY
17-A-1847
Plaintiff, Pro Se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821


GARY L. SHARPE
Senior United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

        The Clerk has sent to the Court a civil rights complaint filed by pro se plaintiff Terrence

Anthony pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to

proceed in forma pauperis (IFP), a motion for a preliminary injunction, a motion for default

judgment, and a letter motion seeking consideration of the motions on the merits.  Dkt. No. 1

("Compl."); Dkt. No. 11 ("IFP Application");[1] Dkt. No. 3 ("Preliminary Injunction Motion"); Dkt.

_____

        [1]  Plaintiff's initial application to proceed IFP was denied as incomplete and the action was
administratively closed.  Dkt. No. 4.  Thereafter, plaintiff filed a second application to proceed IFP, and this action
                                                                                          (continued...)

No. 9 ("Motion for Default Judgment"); Dkt. No. 14 ("Letter Motion"). Plaintiff is incarcerated

at Great Meadow Correctional Facility and has not paid the required filing fee.

## II.     IFP APPLICATION

Upon review, the Court finds that plaintiff has submitted a completed and signed IFP

Application, (Dkt. No. 11), which demonstrates economic need. *See* 28 U.S.C. § 1915(a)(2).

Plaintiff has also filed the inmate authorization form required in this District. Dkt. No. 6.

Accordingly, plaintiff's IFP Application is granted.

## III.    SUFFICIENCY OF THE COMPLAINT

### A.     Governing Legal Standard

Section 1915(e) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2)

. . . the court shall dismiss the case at any time if the court determines that – . . . (B) the

action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted;

or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2)(B).[2] Thus, even if a plaintiff meets the financial criteria to commence an action

in forma pauperis, it is the court's responsibility to determine whether the plaintiff may

properly maintain the complaint that he filed in this District before the court may permit the

plaintiff to proceed with this action in forma pauperis. *See id*.

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil

action in which a prisoner seeks redress from a governmental entity or officer or employee of

---

[1](...continued)
was re-opened. Dkt. Nos. 5, 7. By Decision and Order filed August 7, 2018, plaintiff's second application to proceed IFP was denied as incomplete. Dkt. No. 8. Plaintiff then properly filed his IFP Application.

[2] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner pro se complaints).

In reviewing a pro se complaint, the court has a duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do

3

not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotation marks and alterations omitted).

### B.     Summary of the Complaint

Plaintiff asserts allegations of wrongdoing that occurred while he was incarcerated at Albany County Correctional Facility (ACCF). *See generally* Compl. The following facts are set forth as alleged by plaintiff in his complaint.

In March 2017, plaintiff was placed in the special housing unit (SHU) at ACCF. Compl. at 5. On March 16, 2017, plaintiff was sexually assaulted by "prison staff" while in the SHU. *Id*. at 2. Plaintiff was "choked and sexual[ly] assaulted by an area sergeant" after he "refused to go to a tier hearing for a ticket[.]" *Id*. at 5. Plaintiff was assaulted because he and a corrections official from ACCF were "arrested and indicted for introducing prohibited contraband into the [ACCF]." *Id*. at 6.

Following the assault, "plaintiff filed a complaint with the prison authorities and requested an investigation into the sexual assault by prison staff[.]" Compl. at 6. Plaintiff was interviewed by prison staff after filing his complaint, but no further investigation occurred. *Id*. at 1-2, 6-8.

Plaintiff names as defendants the State of New York, Superintendent of ACCF

Michelle Lions, and ACCF Chief of Corrections B. Moonie.  Compl. at 1-2.

Construing the complaint liberally, plaintiff asserts Eighth Amendment excessive force and failure-to-protect claims, as well as state law claims, arising out of the alleged assault and subsequent failure to investigate.

Plaintiff requests monetary damages.  *See* Compl. at 3-4.  For a more complete statement of plaintiff's claims, reference is made to the complaint.

## C.    Analysis

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)).  "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

### 1. Eleventh Amendment Immunity

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity."  U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against

5

one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana,* 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit. *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009). It is well-settled that Congress did not abrogate states' immunity through Section 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that New York State has not waived its immunity from suit on the claims asserted in plaintiff's complaint. *See generally Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Dawkins v. New York*, No. 5:93-CV-1298 (RSP/GJD), 1996 WL 156764 at *2 (N.D.N.Y. 1996).

Accordingly, plaintiff's claims against the State of New York are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment.[3]

### 2. Claims Against Defendants Lions and Moonie

Although plaintiff names the Superintendent of ACCF and the Chief of Corrections at ACCF as defendants, he has not asserted any specific allegations of wrongdoing against

---

[3] In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court established an exception to state sovereign immunity in federal actions where an individual brings an action seeking injunctive relief against a state official for an ongoing violation of law or the Constitution. Under the doctrine, a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff, "(a) alleges an ongoing violation of federal law, and (b) seeks relief properly characterized as prospective." *See In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quotations and citations omitted); *see also Santiago v. New York State Dep't of Corr. Serv.*, 945 F.2d 25, 32 (2d Cir. 1991) (holding that such claims, however, cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities). In this case, plaintiff has not alleged facts which plausibly suggest the existence of an ongoing violation of law or the Constitution. *See generally*, Compl.

either of these individuals in the complaint. "Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff." *Cipriani v. Buffardi*, No. 9:06-CV-889 (GTS/DRH), 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) (citing *Gonzalez v. City of New York*, No. 97-CV-2246, 1998 WL 382055, at *2 (S.D.N.Y. July 9, 1998)); *see Crown v. Wagenstein*, No. 96-CV-3895, 1998 WL 118169, at *1 (S.D.N.Y. Mar. 16, 1998) (mere inclusion of warden's name in complaint insufficient to allege personal involvement); *Taylor v. City of New York*, 953 F. Supp. 95, 99 (S.D.N.Y. 1997) (same). This principle holds true even with respect to supervisory officials because "vicarious liability is inapplicable to . . . § 1983 suits." *Iqbal*, 556 U.S. at 676; *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (noting that "mere 'linkage in the prison chain of command' is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim").

In addition, to the extent plaintiff has named Lions and Moonie as defendants based on his allegation that his sexual assault claim was not properly investigated, prisoners do not have a constitutional right to an investigation. *See DeShaney v. Winnebego Soc. Servs*., 489 U.S. 189, 196 (1989) (The Due Process Clause "generally confers no affirmative right to governmental aid, even where that aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."); *Pine v. Seally*, No. 9:09-CV-1198 (DNH/ATB), 2011 WL 856426, at *9 (N.D.N.Y. Feb. 4, 2011) ("To the extent that plaintiffs attempt to assert a separate constitutional claim of 'failure to investigate,' the law is . . . clear that inmates do not enjoy a constitutional right to an investigation of any kind by government officials.") (citing *Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y.

2008) (collecting cases)).  Moreover, a "failure to remedy" theory of liability is not available

against a supervisor with respect to discrete and completed violations such as the alleged

sexual assault that gives rise to plaintiff's claims.  *See Jackson v. Burke*, 256 F.3d 93, 96 (2d

Cir. 2001) (citing *Blyden v. Mancusi*, 186 F.3d 252, 259, 264 (2d Cir. 1999) and *Wright*, 21

F.3d at 501); *see also Young v. Kihl*, 720 F. Supp. 22, 23 (W.D.N.Y. 1989) ("[T]he wrong

must have been ongoing or otherwise capable of mitigation at the time the supervisory official

was apprised thereof.").  "If the official is confronted with a violation that has already occurred

and is not ongoing, then the official will not be found personally responsible for failing to

'remedy' a violation."  *Harnett v. Barr*, 538 F. Supp. 2d 511, 524 (N.D.N.Y. 2008).

For these reasons, plaintiff has failed to allege facts which plausibly suggest that

either defendant Lions or defendant Moonie were personally involved in any constitutional

wrongdoing.  As a result, plaintiff's claims against these defendants are dismissed pursuant

to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which

relief may be granted.

### D.      Opportunity to File an Amended Complaint

In light of plaintiff's pro se status, the Court will afford him an opportunity to

demonstrate that this action was timely filed.  *See Abbas*, 480 F.3d at 640 (district court

erred in dismissing pro se complaint as time-barred sua sponte and without notice and an

opportunity to be heard).  Any amended complaint submitted in response to this Decision

and Order must set forth a short and plain statement of the facts plaintiff relies on in support

of his claims that the defendants violated his constitutional rights.  Plaintiff's amended

complaint, which shall supersede and replace in its entirety the original complaint, must be a

8

complete pleading which sets forth all of the claims that plaintiff wants this Court to consider

as a basis for awarding relief herein.

Plaintiff is advised that his failure to file an amended complaint **within thirty (30) days**

of the filing date of this Decision and Order will result in dismissal of this action without

prejudice without further Order of the Court.

## IV.    OTHER REQUESTED RELIEF

Based on the Court's decision preliminarily dismissing the complaint, plaintiff's Motion

for Default Judgment, Preliminary Injunction Motion, and Letter Motion, (Dkt. Nos. 3, 9, 14),

are denied as moot.  In the event that plaintiff files an amended complaint in compliance with

this Decision and Order, he may renew his request for preliminary injunctive relief.[4]

## V.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's in forma pauperis application (Dkt. No. 11) is **GRANTED**[5];

and it is further

**ORDERED** that plaintiff's claims against the State of New York are **DISMISSED with**

**prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by the

Eleventh Amendment[6]; and it is further

---

[4] A motion for default judgment should not be filed unless and until service has been directed by this Court and completed, and one or more defendants has failed to timely respond to the operative pleading in accordance with the Federal Rules of Civil Procedure.

[5] Although his in forma pauperis application has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

[6] Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action.  *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely
(continued...)

**ORDERED** that the remainder of plaintiff's complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b); and it is further

**ORDERED** that the State of New York is **DISMISSED** as a defendant; and it is further

**ORDERED** that plaintiff's Preliminary Injunction Motion (Dkt. No. 3) is **DENIED as moot** with leave to renew in the event plaintiff files an amended complaint; and it is further

**ORDERED** that plaintiff's Motion for Default Judgment (Dkt. No. 9) and Letter Motion (Dkt. No. 14) are **DENIED as moot**; and it is further

**ORDERED** that, if plaintiff wishes to proceed with this action he must file an amended complaint **within thirty (30) days** of the filing date of this Decision and Order as set forth above; and it is further

**ORDERED** that, upon the filing of an amended complaint as directed above, the Clerk shall return the file to this Court for further review; and it is further

**ORDERED** that, in the event plaintiff fails to file a signed amended complaint **within thirty (30) days** of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without prejudice due to plaintiff's failure to state a claim upon which relief can be granted and to comply with the terms of this Decision and Order, without further order of this Court; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff by regular mail.

**IT IS SO ORDERED.**

---

[6](...continued)
formal, such that any amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Pucci v. Brown*, 423 Fed. App'x 77, 78 (2d Cir. 2011). Because these claims are barred by the Eleventh Amendment, leave to amend is denied.

January 4, 2019
Albany, New York

Gary L. Sharpe
Gary L. Sharpe
U.S. District Judge