UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TERRENCE ANTHONY,

                         Plaintiff,

        v.                                                          9:18-CV-0849
                                                                 (GLS/CFH)

THE STATE OF NEW YORK et al.,

                        Defendants.
_____

APPEARANCES:

TERRENCE ANTHONY
17-A-1847
Plaintiff, Pro Se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821


GARY L. SHARPE
Senior United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Terrence Anthony commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with a motion for a preliminary injunction and an application to proceed in forma pauperis (IFP). *See* Dkt. No. 1 ("Compl."); Dkt. No. 3 ("Preliminary Injunction Motion"); Dkt. No. 11 ("IFP Application").[1] By

---

[1] Plaintiff's initial application to proceed IFP was denied as incomplete and the action was administratively closed. Dkt. No. 4. Thereafter, plaintiff filed a second application to proceed IFP, and this action was re-opened. Dkt. Nos. 5, 7. By Decision and Order filed August 7, 2018, plaintiff's second application to proceed IFP was denied as incomplete. Dkt. No. 8. Plaintiff then filed a motion for default judgment. Dkt. No. 9 ("Motion for Default Judgment"). By Decision and Order filed November 16, 2018, plaintiff's Preliminary Injunction Motion and Motion for Default Judgment were denied, and plaintiff was directed to comply with the

Decision and Order of this Court filed January 4, 2019, plaintiff's IFP Application was granted, but, following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court found that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 15 (the "January 2019 Order").[2] In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *Id*. Presently before this Court is plaintiff's amended complaint. Dkt. No. 16 ("Am. Compl.").[3]

## II. DISCUSSION

### A. The Complaint and January 2019 Order

In his original complaint, plaintiff asserted claims based on events that allegedly occurred in and around March 2017, while he was incarcerated at Albany County Correctional Facility (ACCF). *See generally* Compl. Plaintiff alleged that he was sexually assaulted by "prison staff" while housed in a special housing unit at ACCF, and that "prison authorities" thereafter failed to adequately investigate his complaints. Compl. at 1-2, 5-8. Plaintiff named as defendants Superintendent of ACCF Michelle Lions, ACCF Chief of Corrections B. Moonie, and the State of New York. *Id.* at 1-2.

The complaint was construed to assert Eighth Amendment excessive force and failure-to-protect claims, as well as state law claims, arising out of the alleged assault

---

filing fee requirements within thirty (30) days if he wished to avoid dismissal of this action. Dkt. No. 10. Thereafter, plaintiff timely filed his IFP Application, as well as a letter motion seeking consideration of his previously filed motions on the merits. Dkt. No. 11 ("IFP Application"); Dkt. No. 14 ("Letter Motion").

[2] Based on the Court's decision preliminarily dismissing the complaint, plaintiff's Preliminary Injunction Motion, (Dkt. No. 3), Motion for Default Judgment, (Dkt. No. 9), and Letter Motion, (Dkt. No. 14), were denied as moot. *See* January 2019 Order at 9-10.

[3] Plaintiff mistakenly captioned his amended complaint as his "second amended complaint." In addition, plaintiff's amended complaint is unsigned, which the Court addresses more fully below.

2

and subsequent failure to investigate. *See* January 2019 Order at 5.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's claims against the State of New York were dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment, and his remaining claims were dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. *See* January 2019 Order at 6-10.

### B. Summary of the Amended Complaint

Because plaintiff is proceeding IFP and is an inmate suing government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the January 2019 Order and it will not be restated in this Decision and Order. *See* January 2019 Order at 2-4.

Plaintiff's amended complaint contains additional allegations regarding the alleged assault, and alleged wrongdoing both before and after the assault. *See generally* Am. Compl.[4] In addition to re-naming Superintendent of ACCF Michelle Lions and ACCF Chief of Corrections B. Moonie as defendants, plaintiff names the following other individuals as defendants: (1) Corrections Sergeant O'Tolle; (2) Corrections Officer Miller; and (3)

---

[4] Plaintiff attached to his amended complaint several letters that he purportedly filed with various corrections officials both before and after the alleged assault. *See* Dkt. No. 16-1.

3

Corrections Officer Larry. *Id.* at 1-2, 5-6.[5]  The following facts are set forth as alleged by plaintiff in his amended complaint.

On November 3, 2016, Corrections Sergeant Merlin Thomas from ACCF was arrested and indicted for "introducing contraband into Albany County Correctional Facility[.]"  Am. Compl. at 3.  Plaintiff was named as his co-defendant.  *Id*.

On February 27, 2016, plaintiff was assigned to the special housing unit at ACCF. Am. Compl. at 3.  On November 7, 2016, plaintiff wrote a letter to defendant Moonie in which plaintiff indicated that he was in "fear for his personal health and safety" because corrections officers "were spitting in plaintiff[']s food[.]"  *Id*.; *see* Dkt. No. 16-1 at 3.  Plaintiff further stated that corrections officials were only feeding him twice a day, were referring to him as a derogatory slur, and were leaving the lights in his cell on "all night."  Dkt. No. 16-1 at 3. Plaintiff identified one of the individuals involved in the misconduct as defendant Larry and stated that he was unsure of the names of the other officials, one of whom he later learned was defendant Miller.  *Id*.; Am. Compl. at 3.  Prior to sending this letter, plaintiff submitted a grievance to defendants Moonie and Lions regarding his concerns about "what is takeing [sic] place in S.H.U."  Dkt. No. 16-1 at 3.

On November 18, 2016, plaintiff wrote a letter to defendant Lions in which he indicated that he was in "fear for his personal health and safety[.]"  Am. Compl. at 3.  Plaintiff further indicated that corrections officials "were spitting in [his] food and leaving the lights on all night[.]"  *Id*.; Dkt. No. 16-1 at 4.  Plaintiff requested that defendant Lions intervene to stop

---

[5]  Although plaintiff does not name "Corrections Officer Larry" as a defendant in the caption of his amended complaint, he refers to him as a defendant in the body of his amended complaint.  *See* Am. Compl. at 5-6.  In an abundance of caution, the Court will therefore construe the amended complaint to have named Corrections Officer Larry as a defendant.

4

the mistreatment, and stated his concern that the corrections officials will "do something to [him]" if he asks them to stop. Dkt. No. 16-1 at 4. Plaintiff also noted in his letter that defendants Moonie and Lions had ignored his oral requests to speak with them, which he made when they had passed his cell on one or more unidentified occasions. *Id*.

On December 19, 2016, plaintiff submitted a grievance to defendants Lions and Moonie in which he expressed his fear of "bodily harm from the officers and staff in . . . [the] special housing unit" stemming from his involvement in "receiving contraband from [Corrections Sergeant] Thomas[.]" Dkt. No. 16-1 at 6. Plaintiff stated that the lights had been left on in his cell for thirty consecutive days "all day and night" and that an unidentified corrections sergeant and corrections officer threatened him and "threw piss in another inmate[']s face" on the date of his grievance. *Id*.

On March 10, 2017, during the 3 P.M. to 11 P.M. shift, defendant O'Tolle entered plaintiff's cell and advised plaintiff that he was "going to do [plaintiff's] disciplinary hearing and that he knew that two Albany County Sheriffs interigated [sic] the plaintiff about his co-worker (Merlin Thomas) and that [plaintiff] ratted him out[.]" Am. Compl. at 4. Plaintiff advised defendant O'Tolle that it was improper for him to conduct a disciplinary hearing at that time for a "ticket" plaintiff had received during the 7 A.M. to 3 P.M. shift. *Id*. In response, defendant O'Tolle "grabbed the plaintiff by the throat and forced him up against the wall," then "used his other hand to grabb [sic] . . . [plaintiff's] testicals [sic]." *Id*.

Following the assault, plaintiff reported the incident to an unidentified corrections lieutenant, who took plaintiff's statement and offered him medical assistance, which plaintiff refused because defendant O'Tolle "was the person that was going to escort [him] to medical." Am. Compl. at 4. The next day, defendant Moonie spoke to plaintiff and stated,

5

"You got what you wanted."  *Id*.

On or about March 12, 2017, plaintiff submitted two grievances to defendants Moonie and Lions.  *See* Dkt. No. 16-1 at 2, 5.  In one of the grievances, plaintiff indicated that defendants Miller and Larry refused to feed him, and that defendant Larry stated that "people that rat on C.O.s don't get to eat."  Dkt. No. 16-1 at 2.  Plaintiff further indicated in that grievance that defendant O'Tolle threatened to beat plaintiff the next time plaintiff "come[s] to the Box[.]"  *Id*.  Plaintiff expressed concern for his safety within the facility because "all of [the] officers are retallating [sic] against [him] for thinking [he] ratted out Sgt Thomas."  *Id*.

In the other grievance, plaintiff indicated that defendants Larry and O'Tolle threatened to "beat [his] ass once [his] cell gets opened."  Dkt. No. 16-1 at 5.  Plaintiff requested to be placed in "a camera cell" until his sentencing on April 27, 2017.  *Id*.

On April 19, 2017, plaintiff submitted a grievance indicating that he was "sexually assaulted" by defendant O'Tolle.  Am. Compl. at 4; Dkt. No. 16-1 at 1.

Liberally construed, the amended complaint asserts the following claims against the named defendants in their individual and official capacities: (1) First Amendment retaliation claims against defendants O'Tolle, Miller, Larry, Lions, and Moonie; (2) Eighth Amendment conditions-of-confinement claims against defendants Miller, Larry, Lions, and Moonie; (3) an Eighth Amendment excessive force claim against defendant O'Tolle; (4) Eighth Amendment failure-to-protect claims against defendants Miller, Larry, Lions, and Moonie; and (5) harassment claims against defendants O'Tolle, Miller, and Larry.

Plaintiff seeks monetary relief.  Am. Compl. at 5-6.  For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

**C.     Analysis**

**1. Eleventh Amendment Immunity**

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity." U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana,* 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit. *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009). It is well-settled that Congress did not abrogate states' immunity through 42 U.S.C. § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that New York State has not waived its immunity from suit on the claims asserted in plaintiff's complaint. *See generally Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Dawkins v. State of New York*, No. 5:93-CV-1298 (RSP/GJD), 1996 WL 156764 at *2 (N.D.N.Y. 1996).

Moreover, the Eleventh Amendment bars suits for damages against state officials acting in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (a claim for damages against state officials in their official capacity is considered to be a claim against the State and is therefore barred by the Eleventh Amendment); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993) ("To the extent that a state official is sued for

damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."); *Severino v. Negron*, 996 F.2d 1439, 1441 (2d Cir. 1993) ("[I]t is clear that the Eleventh Amendment does not permit suit [under Section 1983] for money damages against state officials in their official capacities.").[6]

Accordingly, to the extent that plaintiff seeks monetary damages against any defendant in his or her official capacity, those claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment.

## 2. First Amendment Retaliation Claims

Courts must approach claims of retaliation "'with skepticism and particular care' because 'virtually any adverse action taken against a prisoner by a prison official–even those otherwise not rising to the level of a constitutional violation–can be characterized as a constitutionally proscribed retaliatory act.'" *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (quoting *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). To state a plausible claim, a plaintiff asserting a First Amendment retaliation claim must advance "non-conclusory" allegations

---

[6] In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court established an exception to state sovereign immunity in federal actions where an individual brings an action seeking injunctive relief against a state official for an ongoing violation of law or the Constitution. Under the doctrine, a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff, "(a) alleges an ongoing violation of federal law, and (b) seeks relief properly characterized as prospective." *See In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quotations and citations omitted); *see also Santiago v. New York State Dep't of Corr. Serv.*, 945 F.2d 25, 32 (2d Cir. 1991) (holding that such claims, however, cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities). In this case, plaintiff has not sought injunctive or declaratory relief based on an alleged ongoing violation of federal law. *See generally* Am. Compl.

8

establishing "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech [or conduct] and the adverse action." *Davis*, 320 F.3d at 352 (quoting *Dawes*, 239 F.3d at 492). "[A] complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone." *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983). "A prisoner's filing of a grievance against a corrections officer is protected by the First Amendment." *Baskerville v. Blot*, 224 F. Supp. 2d 723, 731 (S.D.N.Y. 2002) (citing cases).

Here, plaintiff alleges that, beginning in November 2016, defendants Miller and Larry spit in his food, refused him meals, and refused to turn off the lights in his cell, which he complained about to defendants Lions and Moonie. Am. Compl. at 3. Plaintiff further alleges that in March 2017, defendants O'Tolle and Larry threatened to assault him, and defendant O'Tolle "sexually assaulted" him. *Id*. at 3-4.

Although these allegations satisfy the first two prongs of a retaliation claim, plaintiff does not allege any facts to plausibly suggest a causal connection between his filing of grievances and/or complaints and any adverse action that was taken against him. *See Melecio v. Fischer*, No. 9:10-CV-289 (FJS/RFT), 2011 WL 6987299, at *8 (N.D.N.Y. Sept. 27, 2011) (recommending dismissal of retaliation claim where there were allegations in the pleading that plaintiff had filed grievances and subsequently experienced adverse action but there were no allegations plausibly suggesting "a causal connection between his protected conduct of filing grievances and the Defendants' adverse actions"), *report and recommendation adopted by* 2012 WL 92846 (N.D.N.Y. Jan. 11, 2012); *Thaxton v. Simmons*,

No. 9:10-CV-1318 (MAD/RFT), 2012 WL 360104, at *8 (N.D.N.Y. Jan. 5, 2012) ("In satisfying the causal connection requirement, also known as temporal proximity, the allegations must be 'sufficient to support the inference that the speech played a substantial part in the adverse action.'" (quoting *Dawes*, 239 F.3d at 492)), *report and recommendation adopted by* 2012 WL 360141 (N.D.N.Y. Feb. 2, 2012).

Instead, the allegations in the amended complaint plausibly suggest that plaintiff was subjected to "adverse action" by defendants O'Tolle, Larry, and Miller, which defendants Lions and Moonie ignored, because the defendants believed that plaintiff "ratted out" Corrections Sergeant Merlin Thomas. *See generally*, Am. Compl. While reporting criminal activity to authorities almost certainly satisfies the protected activity requirement, the amended complaint is devoid of any allegations which plausibly suggest that plaintiff actually did so. Moreover, plaintiff expressly denies "rat[ting] out" Corrections Sergeant Merlin Thomas in one of his grievances. *See* Dkt. No. 16-1 at 2. Thus, there exists no basis for the Court to infer that plaintiff engaged in any protected activity which motivated one or more of the named defendants to subject him to adverse action.

Accordingly, plaintiff's retaliation claims are dismissed pursuant to 28 U.S.C. 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 3. Conditions-of-Confinement Claims

The Eighth Amendment explicitly prohibits the infliction of "cruel and unusual punishment." U.S. Const. amend. VIII. The Second Circuit, in addressing the needs protected by the Eighth Amendment, has stated that sentenced prisoners are entitled to

"adequate food, clothing, shelter, sanitation, medical care and personal safety." *Wolfish v. Levi*, 573 F.2d 118, 125 (2d Cir. 1978), *rev'd on other grounds sub nom. Bell v. Wolfish*, 441 U.S. 520 (1979); *Lareau v. Manson*, 651 F.2d 96, 106 (2d Cir. 1981). To demonstrate that the conditions of confinement constitute cruel and unusual punishment in violation of the Eighth Amendment, a plaintiff must satisfy both an objective and subjective element. *See Jolly v. Coughlin*, 76 F.3d 468, 480 (2d Cir. 1996). A plaintiff must demonstrate that (1) the conditions of confinement resulted in "unquestioned and serious deprivations of basic human needs," *Anderson v. Coughlin*, 757 F.2d 33, 35 (2d Cir. 1985); *see Jolly,* 76 F.3d at 480, and (2) the defendants acted with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 303-04 (1991).

Here, liberally construed, the allegations in the amended complaint plausibly suggest that defendants Miller and Larry denied plaintiff meals, spit in his food, and refused to turn off his lights over a period of several days. Am. Compl. at 3; *see also* Dkt. No. 16-1 at 3-4. The amended complaint also alleges that plaintiff notified defendants Moonie and Lions of this misconduct on and before November 18, 2016, and it continued into December 2016. Am. Compl. at 3; *see also* Dkt. No. 16-1 at 3-4, 6.

At this stage of the proceeding, and mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff has alleged enough to warrant a response from defendants Miller, Larry, Moonie, and Lions to his conditions-of-confinement claims against them. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

11

#### 4. Excessive Force Claim

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This includes punishments that "involve the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). The Eighth Amendment's prohibition against cruel and unusual punishment encompasses the use of excessive force against an inmate, who must prove two components: (1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated "contemporary standards of decency." *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotations omitted) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).[7]

At this stage of the proceeding, and mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, the Court finds that plaintiff has alleged enough to warrant a response from defendant O'Tolle to plaintiff's excessive force claim against him. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

#### 5. Failure-to-Protect Claims

"The Eighth Amendment [also] requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody." *Hayes v. N.Y.C. Dept. of Corrs*., 84 F.3d

---

[7] In this regard, while "a *de minimis* use of force will rarely suffice to state a constitutional claim," *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993), the malicious use of force to cause harm constitutes an Eighth Amendment violation per se because in such an instance "contemporary standards of decency are always violated." *Blyden*, 186 F.3d at 263 (citing *Hudson*, 503 U.S. at 9). The key inquiry into a claim of excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986)); *see Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973).

614, 620 (2d Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Prison officials may be held liable under Section 1983 for failing to protect an inmate from conditions posing a substantial risk of serious harm. *See Farmer*, 511 U.S. at 836. In order to establish a "failure to protect," the plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm, and prison officials acted with deliberate indifference to that risk and the inmate's safety. *Id*. Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

"One way to make out such a claim is to allege that 'a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant official being sued had been exposed to information concerning the risk and thus must have known about it.'" *Coronado v. Goord*, No. 99-CV-1674, 2000 WL 1372834, at *4 (S.D.N.Y. Sept. 25, 2000) (quoting *Farmer*, 511 U.S. at 842-43); *see Hayes*, 84 F.3d at 620-21 (prisoner's repeated expressions of fear and requests for transfer as a safety measure raised a question of fact). Conversely, "[n]either mere negligence nor a prison guard's mere failure to act reasonably is enough to state an Eighth Amendment deliberate indifference claim." *Sawyer v. New York State Depat. of Corr. Servs.*, No. 11-CV-0152, 2015 WL 6644112, at *7 (W.D.N.Y. June 30, 2015) (citing *Garcia v. Witkowski*, 988 F. Supp. 2d 360, 361 (W.D.N.Y. 2013)), *report and recommendation adopted in pertinent part by* 2015 WL 6641471 (W.D.N.Y. Oct. 28, 2015); *Shell v. Brun*, 585 F. Supp. 2d 465, 469-70 (W.D.N.Y. 2008) ("In failure to protect cases, a prisoner normally proves actual knowledge of impending harm by showing that he

13

complained to prison officials about a specific threat to his safety. Mere negligence (for example if a prison guard should know of a risk but does not) is not enough . . . .").

### (i) Defendants Miller and Larry

Plaintiff has asserted failure-to-protect claims against defendants Miller and Larry based on them allegedly "failing . . . to protect plaintiff from an attack by a fellow co-worker[.]" *See* Am. Compl. at 5. The amended complaint, however, is devoid of any allegations which plausibly suggest that either of these defendants were aware that plaintiff was likely to be assaulted by defendant O'Tolle immediately prior to the assault. Indeed, plaintiff does not allege that he interacted with defendant O'Tolle in any respect prior to the alleged assault, let alone that he had interactions with defendant O'Tolle about which defendants Miller and Larry were aware. Accordingly, plaintiff's failure-to-protect claims against defendants Miller and Larry are dismissed pursuant to 28 U.S.C. 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### (ii) Defendants Moonie and Lions

Plaintiff has asserted failure-to-protect claims against defendants Moonie and Lions based on their alleged failure to take steps to prevent defendant O'Tolle from assaulting him. *See* Am. Compl. at 4.

At this stage of the proceeding, and mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, the Court finds that plaintiff has alleged enough to warrant a response from defendants Moonie and Lions to plaintiff's failure-to-protect claims against them. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

### 6. Harassment Claims

Verbal harassment and name calling, absent physical injury, are not constitutional violations cognizable under Section 1983. *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (per curiam); *Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) ("[V]erbal harassment or profanity alone, unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983.") (quotation omitted); *see also Rivera v. Goord*, 119 F. Supp. 2d 327, 342 (S.D.N.Y. 2000) (collecting cases); *Baskerville v. Goord*, No. 97-CV-6413, 2000 WL 897153, at *3 (S.D.N.Y. July 6, 2000) ("Mere verbal abuse or the use of . . . slurs or epithets reflecting . . . prejudice, although reprehensible, does not form the basis of a claim pursuant to § 1983."). Indeed, "[t]he protection afforded by section 1983 is not as extensive as that afforded by the common law tort action for assault and, even at common law, 'mere words, however violent, are held not to amount to an assault.'" *St. Germain v. Goord*, No. 96-CV-1560 (RSP/DRH), 1997 WL 627552, at *3 (N.D.N.Y. Oct. 8, 1997) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2d Cir.), *cert. denied*, 414 U.S. 1033 (1973)).

"While under extreme circumstances the Eighth Amendment's prohibition against cruel and unusual punishment may encompass intentionally inflicted psychological injury, necessarily excluded from this protection is conduct causing only de minimis psychological harm." *Johnson v. Brown*, No. 9:09-CV-0002 (GTS/DEP), 2010 WL 6243352, at *6 (N.D.N.Y. Sept. 3, 2010) (collecting cases), *report and recommendation adopted by* 2011 WL 1097864 (N.D.N.Y. Mar. 22, 2011); *see Jermosen v. Coughlin*, No. 87-CV-6267, 1993 WL 267357, at *6 (S.D.N.Y. July 9, 1993), *aff'd*, 41 F.3d 1501 (2d Cir. 1994) (officers

15

approaching inmate with nightsticks raised in a threatening position caused only de minimis psychological pain).

In this case, to the extent plaintiff has sought to assert an independent claim of "harassment" based on defendants Miller, Larry and/or O'Tolle allegedly threatening him with future harm, the amended complaint fails to allege facts which plausibly suggest that any of the threats he received subjected him to psychological harm which rises to the level of a constitutional violation. Indeed, plaintiff does not allege that he suffered any injuries as a result of any alleged threats. Rather, plaintiff alleges "emotional distress" only as a result of defendant O'Tolle's use of force. *See* Am. Compl. at 4-5.

Accordingly, plaintiff's harassment claims based on verbal harassment are dismissed pursuant to 28 U.S.C. 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## IV.    UNSIGNED PLEADING

Plaintiff has not personally signed or dated the amended complaint. See Am. Compl. at 6 (Signature page unsigned). Rule 11(a) of the Federal Rules of Civil Procedure states:

> (a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented . . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.[8]

In *Becker v. Montgomery*, 532 U.S. 757, 764 (2001), the Supreme Court found that a typewritten signature does not satisfy the requirement that a document be signed. *Id.* The

---

[8] Rule 10.1(c)(2) of the Local Rules of Practice of this District also requires that all documents submitted to the Court must include the original signature of the attorney or the pro se litigant.

Supreme Court noted, however, that "the rule goes on to provide in its final sentence that 'omission of the signature' may be 'corrected promptly after being called to the attention of the attorney or party.'" *Id*. (quoting Fed. R. Civ. P. 11(a)). The Supreme Court also stated that "[c]orrection can be made . . . by signing the paper on file or by submitting a duplicate that contains the signature." *Id*. (referencing Fed. R. Civ. P. 11 advisory committee's note).

Accordingly, plaintiff is directed to resubmit a copy of the signature page of his amended complaint to the Court with an original signature within thirty (30) days from the filing date of this Decision and Order. If plaintiff fails to do so, this action will be dismissed without prejudice, without further Order of the Court, and service of the amended complaint will not issue.

## V.  CONCLUSION

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the amended complaint, as modified by this Order, is accepted for filing and is the operative pleading; and it is further

**ORDERED** that the Clerk shall update the docket to add the following parties as defendants: (1) Corrections Sergeant O'Tolle; (2) Corrections Officer Miller; and (3) Corrections Officer Larry; and it is further

**ORDERED** that the following claims **SURVIVE** sua sponte review: (1) plaintiff's Eighth Amendment conditions-of-confinement claims against defendants Miller, Larry, Lions, and Moonie; (2) plaintiff's Eighth Amendment excessive force claim against defendant O'Tolle; and (3) plaintiff's Eighth Amendment failure-to-protect claims against defendants Lions and Moonie; and it is further

**ORDERED** that all remaining claims are **DISMISSED without prejudice** pursuant to

17

28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted[9]; and it is further

**ORDERED** that plaintiff is directed to resubmit the signature page of his amended complaint to this Court with an original signature **within thirty (30) days** of the filing date of this Decision and Order, together with the documents required for service. For plaintiff's convenience, the Clerk is directed to send plaintiff a copy of the signature page of the amended complaint along with this Decision and Order; and it is further

**ORDERED** that, if plaintiff fails to resubmit the signature page of the amended complaint to this Court with an original signature within the time allowed, this action will be **dismissed without prejudice, without further Order of this Court**; and it is further

**ORDERED** that if, within the time allowed, plaintiff resubmits the signature page of the amended complaint with an original signature, along with the documents required for service, the Clerk shall (1) add the signature page as a supplemental submission to the amended complaint (Dkt. No. 16) and (2) issue summonses and forward them, along with copies of the amended complaint (including the supplemental submission), to the United States Marshal for service upon the defendants. The Clerk shall forward a copy of the summons and complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to plaintiff's amended complaint be filed by the defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure after

---

[9] Should plaintiff wish to amend any claim dismissed without prejudice, he may file a motion for leave to file a second amended complaint in accordance with Fed. R. Civ. P. 15(a)(2). Plaintiff is advised that any proposed second amended complaint must be a complete pleading that will replace and supersede the amended complaint in its entirety, and that may not incorporate by reference any portion of the amended complaint. *See* N.D.N.Y. L.R. 7.1(a)(4).

18

service of process on the defendants; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court.  Plaintiff is required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; plaintiff's failure to do so may result in the dismissal of this action; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

February 27, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge

19