UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TERRENCE ANTHONY,

                Plaintiff,

    v.

MICHAEL LYONS, et al.,

                Defendants.

9:18-CV-0849
(GLS/CFH)

---

**APPEARANCES:**

Terrence Anthony
17-A-1847
Montgomery County Jail
P.O. Box 432
Fultonville, New York 12072
Plaintiff pro se

Albany County Attorney's Office
112 State St.
Albany, New York 12207
Attorneys for Defendants

**OF COUNSEL:**

MICHAEL L. GOLDSTEIN, ESQ.
Assistant County Attorney

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

### I.  INTRODUCTION

On July 19, 2018, Plaintiff pro se Terrence Anthony ("Plaintiff") commenced this action for claims arising out of an incident which occurred on April 11, 2017, while he was incarcerated at the Albany County Correctional Facility.  Dkt. No. 1 at 1; Dkt. No. 50 at 2.  Plaintiff filed a complaint and application to proceed in forma pauperis ("IFP").  Dkt. Nos. 1, 5-6.  Plaintiff alleges Eighth Amendment claims relating to: (1) conditions of

confinement against Defendants Corrections Officer ("C.O.") Miller, C.O. Larry, Michael Lyons, and Chief of Corrections Brian Mooney; (2) excessive force against defendant William Carhart; and (3) failure to protect against Defendants Lyons and Mooney. Dkt. No. 50 at 2-4; see Dkt. No. 49 at 2.

Presently pending before the Court is Defendants Lyons, Mooney, and Carhart's motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure ("Fed R. Civ. P.") 41(b) and Rule 10.1(c)(2) of the Local Rules of the Northern District of New York ("Local Rules"). Dkt. No. 91-6 at 5-6. Plaintiff did not oppose this motion. For the reasons set forth below, it is recommended that Defendants Lyons, Mooney, and Carhart's motion to dismiss for failure to prosecute be granted, and that Plaintiff's claims against unserved defendants C.O. Larry and C.O. Miller be dismissed without prejudice.

## II.  BACKGROUND

On July 19, 2018, the Court issued an Order directing administrative closure and denying plaintiff's in forma pauperis (IFP) application. Dkt. No. 4. On July 27, 2018, Plaintiff re-applied to proceed IFP and the case was reopened; however, on August 8, 2018, Plaintiff's second IFP application was denied as incomplete. Dkt. No. 5; Dkt. No. 7; Dkt. No. 8. On January 4, 2019, the Court issued a Decision and Order granting Plaintiff's IFP application and ordering dismissal with prejudice of Plaintiff's claims against the State of New York under the Eleventh Amendment, and dismissed the remainder of Plaintiff's claims without prejudice. Dkt. No. 15 at 2, 10. On January 30, 2019, Plaintiff filed his first amended complaint, and on February 27, 2019, the Court issued a Decision and Order concluding that Plaintiff's Eighth Amendment conditions of

confinement claims, excessive force claim, and failure to protect claims survived <u>sua sponte</u> review.  Dkt. No. 16; Dkt. No. 17 at 17.  On May 17, 2019, Defendants Lyons, Mooney, and Carhart filed their answer to the amended complaint.  <u>See</u> Dkt. No. 27.

Next, the Court granted a variety of extensions.  On June 19, 2019, all deadlines were extended 60 days at Plaintiff's request.  Dkt. No. 29; Dkt. No. 33.  At this time, the Court notified Plaintiff that it would not "indefinitely adjourn" the action and that further extensions "must be accompanied by a showing of good cause."  Dkt. No. 33.  On January 15, 2020, in response to Plaintiff's third amended complaint, all deadlines were extended by 60 days.  <u>See</u> Dkt. No. 56.  On March 6, 2020, Plaintiff and counsel for Defendants Lyons, Mooney, and Carhart attended a discovery hearing.  Defendants indicated that they had not received any of Plaintiff's Rule 26 disclosures.  Text Min. Entry dated Mar. 6, 2020.

On April 22, 2020, Defendants requested a 60-day extension of the discovery and dispositive motion deadlines because Plaintiff had not provided an updated address or contact information following his release from state custody.  Text Min. Entry dated May 28, 2020; Dkt. No. 75.  The Court granted this request on April 23, 2020, and "remind[ed] plaintiff of his duty to provide a current address to the Court and that any failure to attend a deposition, participate in discovery, or comply with court orders may result in dismissal of his case."  Dkt. No. 76.  On April 27, 2020, Plaintiff notified the Court in writing that his address had changed to the Montgomery County Jail; however, the Court's April 23, 2020 Order, which was sent to this address, was returned as undeliverable.  Dkt. No. 77; Dkt. No. 85.

On May 28, 2020, Plaintiff notified the Court by telephone to provide an updated mailing address of 115 Nutgrove Lane, Albany, New York 12202.  Dkt. No. 81; Text Notice dated May 28, 2020.  At that time, the clerk advised Plaintiff that he must notify the Court in writing about his change of address.  Text Notice dated May 28, 2020.  On June 16, 2020, the Court noted that Plaintiff did not update the Court regarding his new address in writing, and directed Plaintiff to "notify the Court of his current address in writing, within fifteen days of the date of this Order."  Text Min. Entry dated June 16, 2020.  On July 13, 2020, the Court's June 16, 2020 Order was re-served to Plaintiff at the Nutgrove Lane address.  Dkt. No. 85.  Plaintiff failed to update his address in writing within 15 days, as the Court ordered in its June 16, 2020 Order.  Additionally, two deposition notices that Defendants sent to the Nutgrove Lane address were returned as undeliverable.  Dkt. No. 91-2; Dkt. No. 91-3.  The Court extended the deadlines for discovery and dispositive motions to August 24, 2020 and October 26, 2020.  Dkt. No. 83.  It also informed the parties that there would be no further extensions of these deadlines.  Id.

On August 19, 2020, the Court scheduled a discovery conference for August 31, 2020, and "advised [Plaintiff] that failure to appear at Court Ordered conferences or to abide by Court Orders may result in dismissal of his case."  Dkt. No. 87.  Plaintiff failed to appear for this conference.  Dkt. No. 88.  On September 2, 2020, the Court extended the discovery deadline to October 9, 2020, and again notified Plaintiff that "failing to appear for his deposition, appear at Court ordered conferences and failing to participate in the exchange of discovery can result in . . . sanctions, to include dismissal" of his case.  Id.  This Text Order and the August 19, 2020 Order were served on Plaintiff.  Dkt.

4

No. 87; Text Min. Entry dated Sept. 2, 2020. On October 1, 2020, Plaintiff failed to appear for his deposition. Dkt. No. 89 at 1. On October 30, 2020, Defendants Lyons, Mooney, and Carhart filed a Motion to Dismiss for Failure to Prosecute. Dkt. No. 91-7; Dkt. No. 90. Plaintiff did not respond.

### III. DISCUSSION

### A. Standard of Review

Fed. R. Civ. P. 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order." FED. R. CIV. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1963); see Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014); see also N.D.N.Y. L.R. 41.2(b). As dismissal under Rule 41(b) is a "harsh remedy . . . [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citation omitted). Furthermore, where the plaintiff is proceeding pro se, "courts should be especially hesitant to dismiss for procedural deficiencies." Id.; see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).

Determining whether an action should be dismissed under Rule 41(b) involves the analysis of five factors. The court must examine:

> (1) [T]he duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 55 F.3d 71, 74–76 (2d Cir. 1994)); Alvarez v. Simmons Market Research Bureau, Inc., 839 F.2d 930,

5

932 (2d Cir. 1988)).  "No one factor is dispositive."  United States ex. rel Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (citing Peart v. City of New York, 995 F.2d 458, 461 (2d Cir. 1993)).

### B.  Analysis

#### 1.  Duration of Delay

There are two inquiries the Court reviews in assessing the duration of delay: "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether those failures were of significant duration."  Drake, 375 F.3d at 255 (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001)).  The initial inquiry asks "whether or not the delay was caused by plaintiff's side as a whole."  Drake, 375 F.3d at 255.  In Jackson v. City of New York, the Second Circuit found that "the parties were in constant contact with each other and the judge," and as such that "the delays [were] as much the defendants' fault as they were [the plaintiff's]."  22 F.3d 71, 75 (2d Cir. 1994).  Here, the delays were due to Plaintiff's failure to comply with Court orders to serve his Rule 26 disclosures, provide a written address to the Court in writing, appear at the August 31, 2020 discovery conference as directed by the Court, and appear for his deposition.  Dkt. No. 60; Dkt. No. 88; Dkt. No. 91-5 at 3:8–9; Dkt. No. 91-6 at 7.  As such, Plaintiff caused the delay in this case.

Thus, the next question is whether those failures were of significant duration. Drake, 375 F.3d at 255.  "[T]here is no 'magic number'" for the length of the delay. Copeland, 194 F.R.D. at 132.  Instead, the inquiry focuses on whether the plaintiff delayed the case "without excuse" by, for example, "disregarding the orders of the Court" and missing deadlines.  Id. at 132, 134; Peart, 992 F.2d at 461.  Plaintiff's last

6

involvement in this case was his call to the Court on May 28, 2020. Dkt. No. 81. As Plaintiff failed to follow the Court order to provide the Court and Defendants with a written notice of his current address, and alleged that he could not access an electronic device to appear at a video deposition, Defendants had to request extensions of the discovery and dispositive motion deadlines, delaying the matter by another 60 days. Dkt. No. 83; see Dkt. No. 82. Plaintiff also failed to appear for the August 31, 2020, discovery conference, requiring rescheduling to October 9, 2020. Dkt. No. 88; Dkt. No. 91-6 at 3.

Local Rule 41.2(a) states that "the plaintiff's failure to take action for four . . . months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a). Plaintiff's failure to prosecute has caused this case to be delayed since April 27, 2020, the date he last participated in this case. See Dkt. No. 77. This is a significant delay, given that Plaintiff provided no excuse for his failure to comply with Court orders and discovery deadlines. As such, this factor weighs in favor of dismissal.

### 2. Notice

The second factor the Court assesses in determining whether to dismiss for failure to prosecute requires that the plaintiff receive express notice from the Court that further delays would result in dismissal. Lucas, 84 F.3d at 535. The Court's orders of April 23, 2020, August 19, 2020, and September 2, 2020, all state that Plaintiff's failure to comply with Court orders and participate in the discovery process could lead to the imposition of sanctions, including the dismissal of his case. Dkt. No. 76; Dkt. No. 87; Dkt. No. 88. All Court orders were served on Plaintiff at the address he had provided to the Court. Id. Plaintiff had received express notice from the Court that failure to

7

prosecute his case could lead to the dismissal of his case. Therefore, this factor weighs in favor of dismissal.

### 3. Prejudice to Defendants

The third factor the Court must review examines whether the defendants have been prejudiced by the plaintiff's failure to prosecute. See Lucas, 84 F.3d at 535. Prejudice to the defendant can be presumed where the plaintiff's delay is unreasonable; however, "the need to show actual prejudice is proportionally greater" if the delay is "moderate or excusable." Lyell Theatre Corp. v. Loews Corp., 682 F.3d 37, 43 (2d Cir. 1982) (citing Messenger v. United States, 231 F.2d 328, 331 (2d Cir. 1956). Such prejudice can be presumed because "because delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." Shannon v. Gen. Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999) (citing Romandette v. Weetabix Co., 807 F.2d 309, 312 (2d Cir. 1986)).

Here, Plaintiff failed to comply with multiple Court orders in the face of warnings that failure to comply would risk dismissal. See Dkt. No. 60; Dkt. No. 88; Dkt. No. 91-5 at 3:8–9; Dkt. No. 91-6 at 7. As such, his actions unreasonably delayed the case, and so prejudice to Defendants can be presumed due to the increased likelihood that relevant evidence may be lost. Shannon, 186 F.3d at 195. Furthermore, this action has been pending since 2018, concerns an incident that occurred in 2017, and has seen its discovery deadlines pushed back by several months. See Dkt. No 1 at 1; Dkt. No 29 at 5–6; Dkt. No. 50 at 2; Dkt. No. 88. This passage of time makes evidence "increasingly unlikely to be available," which prejudices Defendants. Heendeniya v. St. Joseph's

8

Hosp. Health Ctr., 830 F.App'x 354, 358 (2d Cir. 2020) (summary order).  Thus, even if prejudice were not presumed, Defendants have still been prejudiced by Plaintiff's delays, as the amount time that has passed since the occurrence of the alleged incident makes it more difficult for them to access evidence.  See Heendeniya, 830 F.App'x at 358; Shannon, 186 F.3d at 195.  Therefore, this factor weighs in favor of dismissal.

### 4. Balance Between Calendar Congestion and Due Process Rights

The fourth factor the Court assesses in determining whether to dismiss for failure to prosecute requires the Court to balance managing its docket with the plaintiff's interest in receiving a fair chance to be heard.  Lucas, 84 F.3d at 535.  A court cannot weigh its interest in managing its docket too heavily; instead, "compelling evidence of an extreme effect on court congestion" is necessary in order for this factor to weigh in favor of dismissal.  Lucas, 84 F.3d at 535–36; Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) (citation omitted).  A plaintiff's receipt of "specific notice that his case" is in danger of dismissal, and his failure to act on that notice, is sufficient protection of a plaintiff's right to be heard.  Shannon, 186 F.3d at 195.  Furthermore, a plaintiff's failure to "move the case toward trial" subordinates the plaintiff's interest in being heard to a court's interest in managing its docket.  Heendeniya, 830 F.App'x at 358 (citing Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666 (2d Cir. 1980).  Here, the Court provided Plaintiff with multiple opportunities to be heard, including extending the discovery deadline after Plaintiff failed to appear for the August 31, 2020 conference.  Dkt No. 87; Dkt. No. 88.  Therefore, this factor weighs in favor of dismissal.

### 5. Consideration of Lesser Sanctions

9

The final factor the Court reviews in assessing whether to dismiss a case for failure to prosecute examines whether the court has adequately considered sanctions less drastic than dismissal. Lucas, 84 F.3d at 535. Less drastic responses include an extension of time or the imposition of a fine. Drake, 375 F.3d at 257; Spencer v. Doe, 139 F.3d 107, 114 (2d Cir. 1998). However, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal . . . if such a sanction is appropriate on the overall record." S. New Eng. Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 148 (2d Cir. 2010). Moreover, dismissal has been found to be an "adequate remedy for failure to prosecute where a plaintiff cannot be contacted, because the plaintiff would be unaware of any lesser sanction that could be imposed." Rubin v. Labs., 319 F.R.D. 118, 122 (S.D.N.Y. 2016).

Plaintiff has not made any contact with the Court or Defendants since notifying the Court of his changed address by phone on May 28, 2020, and has disregarded multiple Court orders. Dkt. No. 81; Dkt. No. 87; Dkt. No. 88. As such, imposing a lesser sanction would be ineffective because Plaintiff's failure to comply with the Court's orders indicates that a lesser sanction would not motivate him to participate in this action. See Rubin, 319 F.R.D. at 122. Further, given that Plaintiff has not provided an updated address, and mail sent to the most recent address provided was returned to sender, the Court is unable to establish contact with Plaintiff. See Flynn v. Ward, 9:15-CV-1028 (BKS/CFH), 2019 WL 2085986, at *2 (N.D.N.Y. May 13, 2019) (noting that lesser sanctions were unlikely to be successful where the plaintiff did not update the Court with an address and the Court "currently has no way of contacting [the] Plaintiff."). Even if the Court were to impose a lesser sanction such as a fine, it would have to "adequately

address the prejudice Defendants had suffered" to be effective. Drake, 375 F.3d at 257. A fine is not likely to be effective in addressing the prejudice Defendants suffered from the delay in the case, as (1) Plaintiff is proceeding IFP and would be unlikely to pay, and (2) a fine does not mitigate the potential difficulty Defendants would face in collecting evidence on an incident that occurred in 2017. See Coss v. Sullivan Cnty. Jail Adm'r, 171 F.R.D. 68, 72-73 (S.D.N.Y. 1997) (holding that "the imposition of monetary sanctions [is not] an adequate penalty" to cure prejudice to the defendant where the plaintiff is proceeding IFP); Jackson v. United States, 8:17-CV-1157 (MAD/CFH), 2020 WL 109009, at *5 (N.D.N.Y. Jan. 9, 2020) (finding sanctions less than dismissal inappropriate where the plaintiff repeatedly failed to provide updates about obtaining new counsel, failed to respond to the motion to dismiss for failure to prosecute, and failed to attend court-ordered telephone conferences). As such, this final factor also weighs in favor of dismissal. Thus, it is recommended that the Court grant defendants' motion to dismiss for failure to prosecute pursuant to Rule 41(b).

The undersigned concludes that dismissal is also warranted under Local Rule 10.1(c)(2), which requires parties to notify the Court of any change in address, and and 41.2(b), which allows for the dismissal of an action when a party fails to notify the Court of a change of address. See, e.g., Tylicki v. Ryan, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (dismissing action due to the plaintiff's failure to comply with the Local Rule's requirement to notify the Court of a change of address). Accordingly, it is recommended that dismissal be granted pursuant to Rule 41(b) and Local Rule 10.1(c)(2). See, e.g., Hicks v. Stermer, 9:10-CV-1177 (LEK/DEP), 2011 WL 3841581, at *1 (N.D.N.Y. Apr. 24, 2011) (discussing that dismissal without prejudice, over

11

dismissal with prejudice, pursuant to Rule 41(b) is appropriate where the pro se plaintiff failed to prosecute the action, and is a sanction less severe than dismissal with prejudice).

### C. The Unserved Defendants

Plaintiff never properly identified or served any complaint on defendants C.O. Larry or Miller. See Text Min. Entry dated June 16, 2020; Dkt. No. 56. Under Fed. R. Civ. P. 4(m), "if a defendant is not served with 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time," unless "the plaintiff shows good cause for the failure." FED. R. CIV. P. 4(m). The Second Circuit has said that "Rule 4 . . . is to be construed liberally," and that failure to serve a defendant will lead to dismissal "unless it appears that proper service may still be obtained." Romandette, 807 F.3d at 311; Grammenos v. Lemos, 457 F.2d 1067, 1070 (2d Cir.1972). Moreover, Rule 4(m) gives the court discretion "to extend the time for service." Jones v. Westchester Cty., 182 F. Supp. 3d 134, 144-45 (S.D.N.Y. 2016).

Here, the Court issued three orders extending Plaintiff's time to submit an amended complaint properly identifying C.O. Larry and C.O. Miller, ultimately extending his deadline to properly identify them until July 24, 2020. Text Min. Entry dated Oct. 18, 2019; Text Min. Entry dated Jan. 15, 2020; Text Min. Entry dated June 24, 2020. As Plaintiff did not properly identify these defendants in response to these orders, dismissal without prejudice for failure to timely serve is warranted. Therefore, because more 90 days have passed since Plaintiff filed his third amended complaint on November 14, 2019, the Court gave plaintiff notice of his duty to identify and serve those Defendants,

12

and service was not made within the set time limit, the undersigned recommends that Plaintiff's claims against C.O. Larry and C.O. Miller be dismissed without prejudice in accordance with Rule 4(m).

### IV. CONCLUSION

WHEREFORE, for the reasons set forth herein, it is HEREBY

**RECOMMENDED**, that Defendants Lyons, Mooney, and Carhart's Motion to Dismiss for Failure to Prosecute (Dkt. No. 91-6) be **GRANTED**, and that Plaintiff's complaint be **DISMISSED without prejudice** as to Defendants Lyons, Mooney, and Carhart for failure to prosecute under Fed. R. Civ. P. 41(b) and Local Rules 10.1(c)(2) and 41.2(b); and it is

**RECOMMENDED**, that Plaintiff's complaint, as set forth against unserved Defendants C.O. Miller and Larry be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 4(m); and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties have **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85,

89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[1]

Dated: April 12, 2021
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[1] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).